# IN THE SUPREME COURT OF TEXAS

No. 18-0205

ROBERTO LAZOS, PETITIONER,

v.

STATE FARM LLOYDS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**PER CURIAM**

In this insurance dispute, we consider whether an insurer's payment of an appraisal award bars an insured's claim under the Texas Prompt Payment of Claims Act (TPPCA), codified in Chapter 542 of the Insurance Code. *See* TEX. INS. CODE §§ 542.051–.061 (Subchapter B. Prompt Payment of Claims). The court of appeals concluded it did. Because the court of appeals' opinion is inconsistent with our recent decisions on this issue, we now reverse.

Roberto Lazos's residential property sustained wind and hail damage. After two inspections, State Farm determined that the property's damages fell below Lazos's deductible. Believing the property damages undervalued, Lazos sued State Farm. In response, State Farm successfully moved the trial court to compel appraisal. The appraisal award exceeded State Farm's prior estimates and Lazos's deductible. State Farm accordingly paid the award to Lazos and subsequently moved for summary judgment on all of Lazos's claims. The trial court granted State Farm's motion and

rendered a take-nothing judgment. The court of appeals affirmed, holding that (1) payment of an appraisal award entitled an insurer to summary judgment on all of the insured's contractual and extra-contractual claims and (2) our decision in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), did not change that conclusion. ___ S.W.3d ___, 2018 WL 521585 (Tex. App.—San Antonio 2018) (mem. op.).

Lazos thereafter petitioned this Court to decide whether the court of appeals' opinion comported with *Manchaca*. In the interim, however, we decided two cases relevant to the issues Lazos raises in his petition. In *Barbara Technologies Corp. v. State Farm Lloyds*, we held that "payment in accordance with an appraisal is neither an acknowledgment of liability nor a determination of liability under the policy for purposes of TPPCA damages under section 542.060." 589 S.W.3d 806, 820 (Tex. 2019). On the same day, we restated in *Ortiz v. State Farm Lloyds* that "an insurer's payment of an appraisal award does not as a matter of law bar an insured's claims under the Prompt Payment Act." 589 S.W.3d 127, 135 (Tex. 2019).

Lazos originally sought damages from State Farm for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, negligence, negligent misrepresentation, and violations of Chapters 541 and 542 of the Insurance Code. After we decided *Barbara Technologies* and *Ortiz*, however, Lazos amended his petition for review to abandon all but his claim for damages under Chapter 542, arguing that State Farm's payment of the appraisal award did not preclude him from proceeding with his TPPCA claim.

Although Lazos did not expressly allege a TPPCA claim in his original petition, he alleged that he was entitled to 18% statutory interest (which reflects the statutory interest rate for violations

2

of the TPPCA) and argued in his summary-judgment response that he was not precluded from maintaining his TPPCA claim against State Farm.  State Farm appeared to acknowledge this claim, too, arguing in its own summary-judgment motion that it was not subject to TPPCA damages.  So to the extent State Farm suggests Lazos failed to preserve his TPPCA claim, State Farm is mistaken. *See Ortiz*, 589 S.W.3d at 129, n. 2.

The court of appeals concluded that Lazos could not maintain his TPPCA claim due to State Farm's payment of the appraisal award.  Under *Barbara Technologies* and *Ortiz*, this was error. Without hearing oral argument, under Texas Rule of Appellate Procedure 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court to consider Lazos's TPPCA claim in light of those decisions.

Opinion Delivered:  April 17, 2020